UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

vs

ALAIN CEBALLOS-RODRIGUEZ

Case Number. 8:13-cr-363-T-30AEP
USM Number: 58860-018

Victor Daniel Martinez, CJA

## AMENDED JUDGMENT IN A CRIMINAL CASE

The defendant pleaded guilty to Counts One, Two, Three, Six, Seven, and Twelve of the Indictment. Accordingly, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 18 U.S.C. § 1029(b)(2) | Conspiracy to Traffic in Counterfeit Access Devices and to Possess 15 or More Unauthorized Access Devices with the Intent to Defraud | June 21, 2013 | One |
| 18 U.S.C. § 1349 | Conspiracy to Commit Bank Fraud | June 21, 2013 | Two |
| 18 U.S.C. § 1029(a)(1) | Using Counterfeit Access Device | March 8, 2013 | Three through Five |
| 18 U.S.C. § 1029(a)(3) | Possessing 15 or More Counterfeit Access Devices | March 8, 2013 | Six |
| 18 U.S.C. § 1344 | Bank Fraud | June 21, 2013 | Seven through Eleven |
| 18 U.S.C. § 1028(A) | Aggravated Identity Theft | March 8, 2013 | Twelve through Sixteen |

The defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

**IT IS ORDERED** that the defendant shall notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of any material change in the defendant's economic circumstances.

Date of Imposition of Sentence:

January 16, 2014

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

February _18_, 2014

AO 245B (Rev. 4/09) Judgment in a Criminal Case

ALAIN CEBALLOS-RODRIGUEZ
8:13-cr-363-T-30AEP

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of THIRTY-NINE (39) MONTHS. This term consists of concurrent terms of FIFTEEN (15) MONTHS on each of Counts One through Eleven of the Indictment, a term of TWO (2) YEARS as to Count Twelve of the Indictment, consecutive to Counts One through Eleven, and terms of TWO (2) YEARS on each of Counts Thirteen through Sixteen of the Indictment, concurrent with Count Twelve.

The Court recommends to the Bureau of Prisons that the defendant be placed at FCI Coleman.

The defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By: _____
Deputy U.S. Marshal

AO 245B (Rev. 4/09) Judgment in a Criminal Case

ALAIN CEBALLOS-RODRIGUEZ
8:13-cr-363-T-30AEP

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of FIVE (5) YEARS. This term consists of a THREE (3) YEAR term as to Counts One and Three through Six of the Indictment, FIVE (5) YEARS as to Counts Two and Seven through Eleven of the Indictment, and ONE (1) YEAR as to Counts Twelve through Sixteen of the Indictment, all such terms to run concurrently.

The defendant shall report to the probation office in the district to which the defendant is released within 72 hours of release from custody of the Bureau of Prisons.

The defendant shall not commit another federal, state or local crime.

The defendant shall not illegally possess a controlled substance.

*For offenses committed on or after September 13, 1994:*

The mandatory drug testing requirements of the Violent Crime Control Act are waived. However, the Court orders the defendant to submit to random drug testing not to exceed 104 tests per year.

The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervision that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with the Schedule of Payments set forth in the Criminal Monetary Penalties sheet of this judgment.

The defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The defendant shall also comply with the additional conditions on the attached page.

## STANDARD CONDITIONS OF SUPERVISION

1. the defendant shall not leave the judicial district without the permission of the court or probation officer;
2. the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3. the defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;
4. the defendant shall support his or her dependents and meet other family responsibilities;
5. the defendant shall work regularly at a lawful occupation, unless excused by the probation officer for schooling, training, or other acceptable reasons;
6. the defendant shall notify the probation officer **at least ten (10) days prior** to any change in residence or employment;
7. the defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances, except as prescribed by a physician;
8. the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9. the defendant shall not associate with any persons engaged in criminal activity and shall not associate with any person convicted of a felony, unless granted permission to do so by the probation officer;

AO 245B (Rev. 4/09) Judgment in a Criminal Case

10. the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view by the probation officer;

11. the defendant shall notify the probation officer within **seventy-two (72) hours** of being arrested or questioned by a law enforcement officer;

12. the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

13. as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. The defendant shall be prohibited from incurring new credit charges, opening additional lines of credit, or making an obligation for any major purchases without approval of the Probation Officer. You shall provide the probation officer access to any requested financial information.

2. The defendant shall cooperate in the collection of DNA, as directed by the Probation Officer.

## CRIMINAL MONETARY PENALTIES

The defendant shall pay the following total criminal monetary penalties in accordance with the schedule of payments set forth in the Schedule of Payments.

| Total Assessment | Total Fine | Total Restitution |
|---|---|---|
| $1,600.00 | Waived | $10,666.31 |

The defendant shall make restitution (including community restitution) to the following payees in the amount listed below. Restitution is payable to the Clerk, U.S. District Court for distribution to the victims.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(l), all nonfederal victims must be paid in full prior to the United States receiving payment.

| Name of Payee | Amount of Restitution Ordered |
|---|---|
| Victims listed in paragraph 101 of the Presentence Report | $10,666.31 |

## SCHEDULE OF PAYMENTS

Special assessment shall be paid in full and is due immediately.

ALAIN CEBALLOS-RODRIGUEZ
8:13-cr-363-T-30AEP

    While in the custody of the Bureau of Prisons, you shall either (1) pay at least $25 quarterly if working non-Unicor or (2) pay at least 50 percent of your monthly earnings if working in a Unicor position.  Upon release from custody, you are ordered to begin making payments at the rate of 10% of your net income and this payment schedule shall continue until such time as the Court is notified by the defendant, the victim or the government that there has been a material change in your ability to pay.  The Court finds that the defendant does not have the ability to pay interest and the Court waives the interest requirement for the restitution.

### Joint and Several

    Restitution shall be paid jointly and severally with co-defendant Lisveidys Sarduy.

### FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Forfeiture Money Judgment and Preliminary Order of Forfeiture for Specific Asset, that are subject to forfeiture.  The Final Judgment of Forfeiture dated 2/18/14 will be made a part of this judgment.

    The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f).  All of the payment options on the Schedule of Payments may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18, United States Code, for offenses committed on or after September 13, 1994 but before April 23, 1996.

AO 245B (Rev. 4/09) Judgment in a Criminal Case

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  Case No. 8:13-cr-363-T-30AEP

ALAIN CEBALLOS-RODRIGUEZ

**FINAL JUDGMENT OF FORFEITURE**

THIS CAUSE comes before the Court upon the United States' Motion for a Final Judgment of Forfeiture (Doc. 70), pursuant to 21 U.S.C. § 853(n)(7), 28 U.S.C. § 2461(c), and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, for a Cadillac CTS Sedan, Vehicle Identification Number 1G6DM577240165952.

On December 17, 2013, the Court entered a $6,345.17 Forfeiture Money Judgment, pursuant to 18 U.S.C. § 982(a)(2), and a Preliminary Order of Forfeiture against the vehicle identified above, pursuant to 18 U.S.C. §§ 982(a)(2) and 1029(c)(1)(C).  Doc. 51.

In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C), the United States published notice of the forfeiture and of its intent to dispose of the vehicle on the official government website, www.forfeiture.gov, from December 18, 2013 through January 16, 2014.  Doc. 55.  The publication gave notice to all third parties with a legal interest in the vehicle to file with the Office of the Clerk, United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602, a petition to

adjudicate their interest within 60 days of the first date of publication. No third party has filed a petition or claimed an interest in the vehicle, and the time for filing a petition has expired. Accordingly, it is hereby:

ORDERED, ADJUDGED, and DECREED that for good cause shown, the United States' motion (Doc. 70) is GRANTED.

It is FURTHER ORDERED that pursuant to the provisions of 21 U.S.C. § 853(n)(7) and Federal Rule of Criminal Procedure 32.2(c)(2), all right, title and interest in the vehicle identified above are CONDEMNED and FORFEITED to the United States for disposition according to law.

Clear title to the vehicle is now vested in the United States of America.

DONE and ORDERED in Tampa, Florida, this 18th day of February, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2013\13-cr-363 forfeit 70.docx

2